**IN THE COURT OF APPEALS OF IOWA**

No. 13-2028
Filed May 14, 2014

**IN THE INTEREST OF E.O.,**
**Minor Child,**

**B.S., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Constance Cohen, Associate Juvenile Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Lisa M. Noble of Van Cleaf & McCormack, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John Sarcone, County Attorney, and Stephanie E. Brown, Assistant County Attorney, for appellee.

Daniel M. Northfield, Urbandale, for father.

Kimberly S. Ayotte of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

The mother appeals from a termination of her parental rights to one child pursuant to Iowa Code sections 232.116(1)(b), (d), (g), and (*l*) (2013). The mother argues the juvenile court erred when it determined she abandoned the child, she was offered services and her circumstances that led to the adjudication of the child still remained, and she lacks the ability or willingness to respond to services. The mother also alleges the State did not make reasonable efforts so that she could correct the situation and requests additional time. We affirm.

**I. Background Facts and Proceedings.**

The mother has a long history of methamphetamine use. She began using at age fifteen and by age eighteen was using methamphetamine daily. The mother is now twenty-six. E.O., the mother's second child, was born in April 2013. In 2006 the mother's parental rights were terminated in regard to her first child because of the mother's methamphetamine use and criminal conduct. The mother spent time in prison in 2012, where she received some drug treatment, and continued treatment outside of prison at MECCA.

E.O. came to the attention of the department of human services in July 2013 when the mother was arrested for using methamphetamine while on parole. E.O.'s parents consented to the need for removal, and E.O. was placed with a paternal aunt and uncle. The mother's parole was revoked and she was taken to prison with an anticipated release date of April 2014.

In September 2013, the State adjudicated E.O. a child in need of assistance in an uncontested hearing pursuant to Iowa Code sections

232.2(6)(b), (c)(2), and (n) (2013). The State offered the following services to the mother: substance abuse evaluations; drug screens; Family Safety, Risk, and Permanency services; relative placement; services offered in prison; and services offered through her probation. The mother did not request any additional or modification of services. Due to her incarceration, the mother was not able to have visits with E.O.

The State filed a termination petition in October, and a hearing on the termination petition was held in December. At the hearing the mother admitted her drug use had a negative impact on her ability to care for E.O. The mother explained she believed she relapsed because she was around the wrong people, including her mother, who uses drugs. The mother was incarcerated during the hearing and had been working every day in prison, but had not taken any substance abuse classes in the prison. The mother was on a waiting list to go to the Women's Correctional Facility, where she planned to stay for one to four months. After completing the Women's Correctional Facility program, the mother was on a waiting list to live at House of Mercy, a transitional housing facility. E.O.'s guardian ad litem believed termination was in his best interests. The court refused to give the mother more time to work toward reunification and terminated her parental rights under sections 232.116(1)(b), (d), (g) and (*l*).[1] The mother appeals the termination of her parental rights.

---

[1] The court also terminated the parental rights of the father and any unknown putative fathers. None of the fathers' rights are at issue in this appeal.

**II. Standard of Review.**

We review termination of parental rights de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *Id.*

**III. Analysis**

**A. Statutory Grounds.**

The juvenile court terminated the mother's parental rights on four separate statutory grounds, yet on appeal the mother challenges only three of the four grounds.[2] When the juvenile court terminates parental rights on more than one statutory ground, we need only find termination proper under one ground to affirm. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The mother's failure to raise the other statutory ground for termination waives any claim of error related to those grounds. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) (stating "our review is confined to those propositions relied upon by the appellant for reversal on appeal"). We therefore affirm the juvenile court's order terminating the mother's parental rights pursuant to the other ground.

**B. Reasonable Efforts.**

The mother alleges the State did not make reasonable efforts to allow her to demonstrate her willingness or ability to parent effectively. The State has "an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct.

---

[2] The mother failed to argue the juvenile court erred when it terminated her parental rights under Iowa Code section 232.116(1)(*l*).

App. 2005). In the CINA disposition order, the court stated it "inquired of the parties as to the sufficiency of services being provided and whether additional services [were] needed to facilitate the safe return . . . of the child." The court further found that the parties did not request additional services. In the termination order, the court found that "[a]t no time during the course of the case did a party request an available service that was not provided." There is nothing in the record to suggest the mother requested additional or a modification in services at any other time. Because the mother failed to request additional services prior to the termination hearing, she has not preserved this claim for review. *Id.*

### C. Additional Time.

The mother requests additional time to correct her situation. Iowa Code section 232.104(2)(b) allows a court to continue placement of the child for an additional six months if the court finds the need for removal will "no longer exist at the end of the additional six month period." E.O. was adjudicated to be a child in need of assistance pursuant to sections 232.2(6)(b), (c)(2), and (n). Each of these grounds stems from the mother's drug addiction and incarceration. At the time of the December termination hearing, the mother's anticipated prison discharge date was April 22, 2014. There was no guarantee the mother would be discharged early from prison and moved to the Women's Correctional Facility, like the mother had hoped. Without being discharged early, the mother would be released from prison just weeks away from her six month extension.

The mother must be able to remedy her incarceration and drug addiction in the six month period in order to regain custody of E.O. When the issue is a parent's drug addiction, "we must consider the treatment history of the parent to gauge the likelihood that the parent will be in a position to parent the child in the foreseeable future." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). The record indicates that the mother started using methamphetamines at age fifteen. The mother alleges she was clean throughout her pregnancy of E.O., but she produced a positive drug test during her pregnancy. The mother admits she began using methamphetamine one week after E.O. was born and she continued to use consistently until she was arrested in July 2013. The mother has had some drug treatment in the past, but she has not maintained sobriety for long. Additionally, the mother does not have a support system to assist in her recovery. "Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting." *Id.* There is nothing in the record to suggest the mother will be out of prison, in a stable environment, able to continue sobriety, or have the time within six months to stay sober and prove she can care for E.O. We find the mother has not carried her burden to prove that there would be meaningful improvement if she were granted an additional six months to work on reunification.

## IV. Conclusion.

The mother challenges only three of four statutory grounds for termination. As there need be only one valid ground for termination, we affirm based on the

remaining ground. The mother failed to preserve her reasonable efforts claim. The mother did not prove the need for removal will "no longer exist at the end of the additional six month period." Iowa Code § 232.104(2)(b). We therefore affirm.

**AFFIRMED.**